| | |
|---|---|
| 1 | Robert S. Blumberg, Bar No. 161649 |
| | rblumberg@littler.com |
| 2 | Alexandria Rafizadeh, Bar No. 273494 |
| | awitte-rafizadeh@littler.com |
| 3 | LITTLER MENDELSON P.C. |
| | 2049 Century Park East, 5th Floor |
| 4 | Los Angeles, California 90067.3107 |
| | Telephone: 310.553.0308 |
| 5 | Fax No.: 800.715.1330 |
| 6 | Edgar Sargsyan, Bar No. 348411 |
| | esargsyan@littler.com |
| 7 | LITTLER MENDELSON P.C. |
| | 633 West 5th Street, 63rd Floor |
| 8 | Los Angeles, California 90071 |
| | Telephone: 213.443.4300 |
| 9 | Fax No.: 800.715.1330 |
| 10 | Attorneys for Defendants |
| | KEMPER CORPORATION, KEMPER |
| 11 | INDEPENDENCE INSURANCE COMPANY, |
| | KEMPER FINANCIAL INDEMNITY |
| 12 | COMPANY, UNITRIN AUTO AND HOME |
| | INSURANCE COMPANY, and MERASTAR |
| 13 | INSURANCE COMPANY |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 17 | CARLOS MCDONALD, as an individual and on behalf of all others similarly situated, | Case No. |
| 18 | | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION** |
| 19 | Plaintiff, | |
| 20 | v. | Complaint filed: December 22, 2025 |
| 21 | KEMPER CORPORATION, a Delaware corporation; KEMPER | Los Angeles County Superior Court |
| 22 | INDEPENDENCE INSURANCE COMPANY, an Illinois corporation; | |
| 23 | KEMPER FINANCIAL INDEMNITY COMPANY, an Illinois corporation; | |
| 24 | UNITRIN AUTO HOME AND INSURANCE COMPANY, a New York | |
| 25 | corporation; MERASTAR INSURANCE COMPANY, an Indiana corporation; and | |
| 26 | DOES 1 THROUGH 50, inclusive, | |
| 27 | Defendants. | |

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL
TO FEDERAL COURT

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF CARLOS MCDONALD AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendants KEMPER CORPORATION ("Kemper" or "Kemper Corporation"), KEMPER INDEPENDENCE INSURANCE COMPANY, KEMPER FINANCIAL INDEMNITY COMPANY, UNITRIN AUTO AND HOME INSURANCE COMPANY (erroneously sued as "UNITRIN AUTO HOME AND INSURANCE COMPANY"), and MERASTAR INSURANCE COMPANY ("Merastar") (collectively, "Defendants")[1] remove to this Court the state court action described herein. Defendants remove the captioned action from the Superior Court of the State of California for the County of Los Angeles. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), 1446, and 1453.

## I. STATEMENT OF JURISDICTION

1. Removal jurisdiction exists because, in relevant part, this Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a putative class that numbers at least 100 is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1441. As set forth herein, this case meets all requirements for removal and is timely and properly removed by the filing of this Notice.

---

[1] Defendants Kemper Corporation, Kemper Independence Insurance Company, Kemper Financial Indemnity Company, and Unitrin Auto Home and Insurance Company are not proper defendants, as Plaintiff never worked for any of those entities. (Declaration of Amalia Lopez ["Lopez Decl."], ¶ 5.)

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL
TO FEDERAL COURT

## II. PLEADINGS, PROCESS, AND ORDERS

2. This action was filed in the Superior Court for the State of California, County of Los Angeles. Accordingly, venue properly lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. § 1441(a).

## III. TIMELINESS OF REMOVAL

3. On December 22, 2025, Plaintiff commenced this action by filing a class action and representative action complaint in the Superior Court of California, County of Los Angeles, entitled *Carlos McDonald, as an individual and on behalf of all others similarly situated versus Kemper Corporation, a Delaware corporation; Kemper Independence Insurance Company, an Illinois corporation; Kemper Financial Indemnity Company, an Illinois corporation; Unitrin Auto Home and Insurance Company, a New York corporation; Merastar Insurance Company, an Indiana corporation; and Does 1 through 50, inclusive*, designated as Case No. 25STCV37580 ("Complaint"). (Declaration of Alexandria Rafizadeh ["Rafizadeh Decl."], ¶ 2, Ex. A.)

4. In the Complaint, Plaintiff alleges the following causes of action: (1) failure to provide meal and rest breaks (Cal. Lab. Code §§ 226.7 and 512); (2) failure to pay overtime and minimum wages (Cal. Lab. Code §§ 510 and 1194); (3) failure to reimburse necessary work-related expenses (Cal. Lab. Code § 2802); (4) failure to provide complete and accurate wage statements and to provide records of the same (Cal. Lab. Code § 226);[2] (5) failure to pay timely wages upon termination of employment (Cal. Lab. Code §§ 201–04); (6) violation of the Private Attorneys' General Act ("PAGA") (Cal. Lab. Code § 2698 *et seq.*); and (7) violation of unfair business practices (California Business and Professions Code § 17200 *et seq.*). Rafizadeh Decl. ¶ 2.

---

[2] The third and fourth causes of action listed here are apparently inadvertently transposed in the heading of Plaintiff's Complaint but are alleged in the Complaint in the order indicated herein.

2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL
TO FEDERAL COURT

5. On January 5, 2026, Plaintiff served Defendant Kemper Corporation with process by personal service of the following documents: Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, and Alternative Dispute Resolution (ADR) Information Package. Attached as **Exhibit A** to the Rafizadeh Decl. is a true and correct copy of these case-initiating documents served upon Defendants. Rafizadeh Decl. ¶ 3, Ex. A. To date, Kemper Independence Insurance Company, Defendants Kemper Financial Indemnity Company, Unitrin Auto and Home Insurance Company, and Merastar Insurance Company have not been served.

6. On January 14, 2026, the Los Angeles County Superior Court issued its Initial Status Conference Order and Minute Order Re: Newly Assigned Case. Rafizadeh Decl. ¶ 4, Ex. B.

7. On January 20, 2026, Plaintiff filed a Notice of Minute Order Regarding Newly Assigned Case and Initial Status Conference Order. Rafizadeh Decl. ¶ 5, Ex. C.

8. On January 26, 2026, Plaintiff filed a Proof of Service of Summons on Defendant Kemper Corporation. Rafizadeh Decl. ¶ 6, Ex. D.

9. The documents described above and attached as Exhibits A–D to the Declaration of Alexandria Rafizadeh constitute all the process, pleadings, or orders related to this case that were filed and/or served upon Defendants or filed or received in the state court action. Rafizadeh Decl. ¶ 7. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in Los Angeles County Superior Court. *Id.* The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

IV. **NOTICE TO PLAINTIFF AND STATE COURT**

10. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, Western Division, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL
TO FEDERAL COURT

for the State of California, County of Los Angeles, as required by 28 U.S.C. § 1446(d). Rafizadeh Decl. ¶ 8.

## V. TIMELINESS OF REMOVAL

11. This Notice of Removal is timely. Under 28 U.S.C. section 1446(b), the notice of removal of a civil action must be filed within thirty (30) days after service of process. 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint). Removal of this action is timely because this Notice has been filed within thirty days from January 5, 2026, the day Defendant Kemper Corporation was served with the Complaint and first became aware that the action was removable. Rafizadeh Decl. ¶ 3, Ex. A.

## VI. CAFA JURISDICTION PURSUANT TO SECTION 1332(d)

12. CAFA grants federal district courts original jurisdiction over civil class action lawsuits in which any plaintiff is a citizen of a state different from any defendant and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal and is timely and properly removed by the filing of this Notice. Specifically, this Court has jurisdiction over this case under CAFA because it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not a state, state official, or other governmental entity; (3) diversity exists between at least one class member and one defendant; and (4) the amount in controversy for all class members exceeds $5 million.

### A. The Putative Class Contains More Than 100 Members.

13. Plaintiff defines the proposed Class he seeks to represent as "all hourly-paid, non-exempt employees of Defendants who worked in California during the period from December 22, 2021, to the present," including subclasses broken down by claim. Rafizadeh Decl., Ex. A, Compl. ¶ 17.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL
TO FEDERAL COURT

14. Since December 22, 2021, Merstar has employed approximately 1,300 non-exempt employees in California. Declaration of Amalia Lopez ("LopezLopez Decl.") ¶ 6. A reasonable estimate of 454 individuals were formerly employed by Merastar as non-exempt employees in the State of California at any time from December 22, 2022 through the present. *Id*. Accordingly, the putative Class of current and former non-exempt employees contains well over 100 members.

15. The other named Defendants, Kemper Independence Insurance Company, Kemper Financial Indemnity Company, and Unitrin Auto and Home Insurance Company, have not employed any non-exempt employees in California during the relevant time period. Lopez Decl. ¶ 7.

### B. Defendants Are Not Governmental Entities.

16. The named Defendant, Kemper Corporation, is not a state, state official, or any other governmental entity. Lopez Decl. ¶ 4.

17. The named Defendant, Merastar Insurance Company, is not a state, state official, or any other governmental entity. *Id*.

18. The named Defendant, Kemper Independence Insurance Company, is not a state, state official, or any other governmental entity. *Id*.

19. The named Defendant, Kemper Financial Indemnity Company, is not a state, state official, or any other governmental entity. *Id*.

20. The named Defendant, Unitrin Auto and Home Insurance Company, is not a state, state official, or any other governmental entity. *Id*.

### C. Plaintiff's Citizenship is Diverse from Defendants' Citizenship.

21. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL
TO FEDERAL COURT

22. For purposes of removal, citizenship of defendants sued under fictitious names are disregarded and only named defendants are considered. 28 U.S.C. § 1441(a).

23. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (a person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return).

24. Plaintiff alleges he resides in California. Rafizadeh Decl., Ex. A, Compl. ¶ 9. Therefore, Plaintiff is and was at all relevant times a citizen of the State of California.

25. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1).

26. A corporation's principal place of business is its "nerve center." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Except in unusual circumstances, a corporation's headquarters is its nerve center. *Id.*

27. Utilizing the "nerve center" test, Merastar is formed in Indiana, and its principal place of business is in Chicago, Illinois. Lopez Decl. ¶ 3. At all times since at least December 22, 2021 through the present, Merastar's principal place of business has been in Chicago, Illinois, where its corporate offices and headquarters are located. *Id.* Merastar's corporate officers work at their respective headquarters in Chicago, Illinois, where they direct, control, and coordinate activities for Merastar. *Id.* Merastar is therefore a citizen of Illinois where it has its principal places of business and Indiana where it is formed. Accordingly, Merastar is not a citizen of California.

28. Similarly, Kemper Corporation is formed in Delaware, and its principal place of business is in Chicago, Illinois. Lopez Decl. ¶ 3. At all times since at least December 22, 2021 through the present, Kemper Corporation's principal place of business has been in Chicago, Illinois, where its corporate offices and headquarters are located. *Id.* Kemper Corporation's corporate officers work at their respective headquarters in Chicago, Illinois, where they direct, control, and coordinate activities.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL
TO FEDERAL COURT

*Id.* Kemper Corporation is therefore a citizen of Illinois where it has its principal places of business and Delaware where it is formed. Accordingly, Kemper Corporation is not a citizen of California.

29.  Kemper Independence Insurance Company is formed in Illinois, and its principal place of business is in Chicago, Illinois. Lopez Decl. ¶ 3. At all times since at least December 22, 2021 through the present, Kemper Independence Insurance Company's principal place of business has been in Chicago, Illinois, where its corporate offices and headquarters are located. *Id.* Kemper Independence Insurance Company's corporate officers work at their respective headquarters in Chicago, Illinois, where they direct, control, and coordinate activities. *Id.* Kemper Independence Insurance Company is therefore a citizen of Illinois where it has its principal places of business and Illinois where it is formed. Accordingly, Kemper Independence Insurance Company is not a citizen of California.

30.  Kemper Financial Indemnity Company is formed in Illinois, and its principal place of business is in Chicago, Illinois. Lopez Decl. ¶ 3. At all times since at least December 22, 2021 through the present, Kemper Financial Indemnity Company's principal place of business has been in Chicago, Illinois, where its corporate offices and headquarters are located. *Id.* Kemper Financial Indemnity Company's corporate officers work at their respective headquarters in Chicago, Illinois, where they direct, control, and coordinate activities. *Id.* Kemper Financial Indemnity Company is therefore a citizen of Illinois where it has its principal places of business and Illinois where it is formed. Accordingly, Kemper Financial Indemnity Company is not a citizen of California.

31.  Unitrin Auto and Home Insurance Company is formed in New York, and its principal place of business is in Rochester, New York. Lopez Decl. ¶ 3. At all times since at least December 22, 2021 through the present, Unitrin Auto and Home Insurance Company's principal place of business has been in Rochester, New York, where its corporate offices and headquarters are located. *Id.* Unitrin Auto and Home Insurance

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL
TO FEDERAL COURT

Company's corporate officers work at their respective headquarters in Rochester, New York, where they direct, control, and coordinate activities. *Id.* Unitrin Auto and Home Insurance Company is therefore a citizen of New York where it has its principal places of business and New York where it is formed. Accordingly, Unitrin Auto and Home Insurance Company is not a citizen of California.

32. Minimal diversity of citizenship therefore exists here because the named Plaintiff and Defendants are citizens of different states, in that Plaintiff is a citizen of California and Merastar is a citizen of Illinois and Indiana, Kemper Corporation is a citizen of Illinois and Delaware, Kemper Independence Insurance Company is a citizen if Illinois, Kemper Financial Indemnity Company is a citizen of Illinois, and Unitrin Auto and Home Insurance Company is a citizen of New York.

### D. Amount in Controversy Exceeds $5 Million.

33. CAFA authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds five million dollars ($5,000,000). *See* 28 U.S.C. § 1332(d)(2). The standard for establishing the amount in controversy under CAFA is the preponderance of the evidence standard. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013).

34. In *Rodriguez*, the Ninth Circuit confirmed that the "legal certainty" standard articulated in *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 999 (9th Cir. 2007) was "effectively overruled" by the U.S. Supreme Court's holding in *Standard Fire Insurance Co. v. Knowles*, 568 U.S. 588 (2013). *See Rodriguez*, 728 F.3d at 977. Further, "[u]nder this standard, [t]he removing party's burden is not daunting, and defendants are not obligated to research, state, and prove the plaintiff's claims for damages." *Espinosa v. Genesis Healthcare, Inc.*, No. 220CV00688JFWJEMX, 2020 WL 10641865, at *2 (C.D. Cal. Mar. 31, 2020) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008))).

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL
TO FEDERAL COURT

35. For purposes of determining whether the minimum amount in controversy has been satisfied, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [defendant's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what Defendants will actually owe if Plaintiff prevails. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.").

36. The alleged amount in controversy in this class action, in the aggregate, exceeds $5 million.

37. Plaintiff's Complaint seeks relief on behalf of, among other proposed sub-classes, the proposed Class, defined as, "[a]ll persons who worked for any Defendants in California as an hourly-paid or non-exempt employee at any time during the period beginning four years and 178 days before the filing of the initial complaint in this action and ending when notice to the Class is sent." *See* Rafizadeh Decl., Compl. ¶ 17.

38. From December 22, 2021 through the present, Merastar has employed at least 1,300 non-exempt employees in California ("Class"), with an average number of employees at any given time of 720. Lopez Decl. ¶ 6.

39. The hourly rates, over the entire period, for the purported class members Plaintiff seeks to represent average at least $33.11, and the number of workweeks for those employees is at least 149,770. *Id.*

40. Plaintiff was a full-time employee who regularly worked shifts of at least 40 hours per week (8 hours a day, 5 days a week). *Id.* ¶ 5.

41. In his Complaint, Plaintiff alleges that "Defendants' policies and practices regularly denied Class Members overtime and minimum wages, meal periods and rest breaks, reimbursements, accurate wage statements, and wages upon termination of employment." Rafizadeh Decl., Ex. A, Compl. ¶ 21.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL
TO FEDERAL COURT

42. More specifically, in his Complaint, Plaintiff alleges that "[a]s a pattern and practice" Defendants "regularly" denied rest and meal breaks and "willfully" failed to pay premiums for said missed breaks. Rafizadeh Decl., Ex. A, Compl. ¶¶ 30–34. Plaintiff further alleges that there was a "pattern, practice[,] and administration of corporate policy regarding illegal employee compensation" and a "common business practice" concerning the same. Rafizadeh Decl., Ex. A, Compl. ¶¶ 26–27, 34.

43. Plaintiff further alleges that "[a]s a pattern and practice" Defendants "regularly" failed "to compensate their employees for all hours worked, including overtime hours worked, resulting in a failure to pay all minimum wages and, where applicable, overtime wages. Plaintiff worked off-the-clock on one or more occasions with actual or constructive knowledge by Defendant." Rafizadeh Decl., Ex. A, Compl. ¶ 37. Plaintiff further alleges this "regularly" resulted in Plaintiff and putative class members "receiving total wages in an amount less than minimum wage" and "regularly" being "deprived . . . of overtime wages" as part of a "common business practice" and "pattern, practice[,] and administration of corporate policy regarding illegal employee compensation." Rafizadeh Decl., Ex. A, Compl. ¶¶ 26–27, 38, 39.

44. Plaintiff further alleges that Defendants "regularly" failed to reimburse Plaintiff and alleged class members for necessary business expenses, "including, but not limited to, expenses incurred working remotely, such as the required use of cell phones and home rent, utilities (including telecom such as internet) for business purposes" in a "pattern, practice[,] and administration of corporate policy." Rafizadeh Decl., Ex. A, Compl. ¶¶ 42–43.

45. Plaintiff further alleges he and alleged class members "regularly" in "a pattern, practice[,] and uniform administration of corporate policy" were not provided with accurate wage statements. Rafizadeh Decl., Ex. A, Compl. ¶¶ 47–48.

46. Plaintiff further alleges that "Defendants regularly failed to pay Plaintiff and the Class and all Subclasses their final wages" and "accordingly owe waiting time penalties pursuant to Labor Code section 203" as a "common business practice" and a

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL
TO FEDERAL COURT

"pattern, practice[,] and administration of corporate policy regarding illegal employee compensation." Rafizadeh Decl., Ex. A, Compl. ¶¶ 26–27, 51–53.

47. Based upon these allegations, Plaintiff seeks to recover on behalf of himself and alleged class members for unpaid wages, actual damages, liquidated damages, unreimbursed expenses, penalties, and attorneys' fees, among other relief. *See* Rafizadeh Decl., Ex. A, Compl. at Prayer for Relief.

48. As set forth below, the amount in controversy implicated by the classwide allegations exceeds $5 million. All calculations supporting the amount in controversy are based on the allegations contained in Plaintiff's Complaint, assuming, without any admission, the truth of the facts alleged and assuming liability is established. When the amount in controversy is not apparent from the face of the Complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006).

49. **Meal and Rest Period Payments.** In his first cause of action, Plaintiff seeks redress for (1) denial of meal periods and (2) denial of rest breaks. *See* Rafizadeh Decl., Ex. A, Compl. ¶¶ 29–34, Prayer for Relief ¶ 4. Plaintiff alleges "[a]s a pattern and practice," Defendants "did not actively relieve employees of duty for meal periods and rest breaks and did not provide proper compensation for this failure . . . ." Rafizadeh Decl., Ex. A, Compl. ¶ 31.

50. An employee denied meal and/or rest periods may be entitled to an hour's wages per day for failure to provide meal periods and an additional hour's pay per day for failure to provide rest periods. *UPS Wage & Hour Cases*, 196 Cal. App. 4th 57, 69 (2011); *accord Marquez v. NLP Janitorial, Inc.*, No. 16-cv-06089-BLF, 2019 WL 652866, at *7 (N.D. Cal. Feb. 15, 2019). Plaintiff alleges each putative class member is entitled to meal break premiums for each day a meal period is missed, in addition to rest break premiums for each day a rest period is missed. Rafizadeh Decl., Ex. A, Compl. ¶¶ 31–33.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL
TO FEDERAL COURT

51. The statute of limitations for recovery of meal or rest period premium pay under California Labor Code section 226.7 pay is three years. *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal.4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code section 226.7 constitutes a wage or premium pay and is governed by a three-year statute of limitations."). Plaintiff alleges a claim for meal and rest break premiums pay as part of his unfair competition claim under Business and Professions Code section 17200 *et seq.*, and Plaintiff alleges that a four-year statute of limitations applies to the proposed classes. Cal. Bus. & Prof. Code § 17208; *see* Rafizadeh Decl., Ex. A, Compl. ¶¶ 17(a)–(b), 84.

52. From December 22, 2021 through the present, non-exempt employees typically worked 8-hour shifts, 5 days a week. Lopez Decl. ¶ 6. On these shifts, non-exempt employees are entitled to at least one meal period. Plaintiff alleges that Defendants "[a]s a matter of pattern and practice" did not allow Plaintiff and putative class members to take a "30-minute meal period for every five (5) hours worked," because Defendant "did not actively relieve employees of duty for meal periods" and "lacked any mechanism by which employees could fully go off-duty and indicate to their superiors that they were on a break" and that the result was that the employees "remained on-call (or simply working) during meal periods." Rafizadeh Decl., Ex. A, Compl. ¶¶ 30–31, 60. Based on these allegations by Plaintiff, Defendants have reasonably estimated for the sake of removal that Plaintiff is asserting that he and other putative class members missed at least one eligible meal period each workweek. Under that assumption, the amount in controversy for Plaintiff's meal period claim totals at least **$3,719,146** [$33.11/hr. x 112,327[3] workweeks x 1 missed meal period/workweek].

53. As to rest periods, Plaintiff alleges that Defendants "[a]s a matter of pattern and practice" did not allow Plaintiff and putative class members to take a "10-minute rest break for every four (4) hours worked or major fraction thereof," because Defendant

---

[3] This figure accounts for the approximate number of workweeks during the time period of December 22, 2022 to the present.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL
TO FEDERAL COURT

"did not actively relieve employees of duty for meal periods" and "lacked any mechanism by which employees could fully go off-duty and indicate to their superiors that they were on a break" and that the result was that the employees "remained on-call (or simply working) during . . . rest breaks." Rafizadeh Decl., Ex. A, Compl. ¶¶ 30–31, 59, 60. Based on these allegations by Plaintiff, Defendants have reasonably estimated for the sake of removal that Plaintiff is asserting that he and other putative class members missed at least one eligible rest break each workweek.

54. Given these allegations, the amount in controversy for Plaintiff's rest period claim totals at least **$3,719,146** [$33.11/hr. x 112,327 workweeks x 1 missed rest period/workweek].

55. **Failure to Pay Hourly and Overtime Wages.** In his second cause of action, Plaintiff seeks redress for unpaid hourly and overtime wages. *See* Rafizadeh Decl., Ex. A, Compl. ¶¶ 35–39. He seeks these payments for time allegedly spent performing work off the clock. Rafizadeh Decl., Ex. A, Compl. ¶ 37.

56. Plaintiff's Complaint does not allege how much time he or the other putative class members he seeks to represent allegedly spent working off-the-clock. *See* Rafizadeh Decl., Ex. A, Compl. ¶¶ 35–39, 61–62. While Defendants deny Plaintiff's allegations or that he or the putative class members are entitled to any relief, Defendants reasonably estimate for the sake of removal that Plaintiff is alleging that employees worked, at a minimum, 30 minutes of uncompensated time each week (6 minutes per shift) for time employees were allegedly required to work off-duty.

57. Assuming each employee worked 30 minutes off the clock each week, the reasonable estimate of the amount in controversy for Plaintiff's first cause of action for unpaid hourly wages is at least **$2,479,442** [$33.11/hr. x 149,770 workweeks x .5 hours], not including any overtime premium, which would add an additional $1,239,721 (accordingly, assuming this was overtime, an additional $1,239,721 is added).

58. **Labor Code § 203 – Waiting Time Penalties.** Plaintiff's fifth cause of action seeks payment for waiting time penalties under Labor Code sections 201 through

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL
TO FEDERAL COURT

204 and is derivative of Plaintiff's other claims for unpaid minimum wage, overtime compensation, and meal and rest break violations. *See* Rafizadeh Decl., Ex. A, Compl. ¶¶ 49–53, 65–68.

59. Labor Code section 203(a) provides that "if an employer willfully fails to pay any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty" from the date such wages were due until the date paid, not to exceed 30 days.

60. The limitations period for potential claims under Labor Code section 203 is from December 22, 2022 (three years before the Complaint was filed) to the present. *See* Rafizadeh Decl., Ex. A, Compl. ¶ 17(g). During the time frame of December 22, 2022 to the present, there were at least 454 non-exempt Merastar employees in California whose employment ended. The average hourly rate of those employees was at least $30.56. Lopez Decl. ¶ 9.

61. Conservatively assuming for purposes of removal that employees worked an average of about 8 hours per day, the reasonable estimate of the amount in controversy for Plaintiff's fifth cause of action for waiting time penalties is at least **$3,329,817** [454 employees x 8 hours per day x $30.56 per hour x 30 days].

62. **Amount in Controversy—Plaintiff's Attorneys' Fees Claim.** Finally, Plaintiff seeks attorneys' fees and costs as to each of the seven causes of action in his Complaint. *See* Rafizadeh Decl., Ex. A, Compl. ¶¶ 26, 34, 39, 43, 48, 56, 71, 80, Prayer for Relief. Thus, the Court must consider attorneys' fees in determining whether the amount in controversy is met, as it is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL
TO FEDERAL COURT

63. Based on the above, the amount in controversy for unpaid meal period premiums ($3,719,146), rest period premiums ($3,719,146), unpaid hourly wages ($2,479,442), overtime ($1,239,721), and failure to pay wages at termination (**$3,329,817**), through the time of this filing, is conservatively **$14,487,272**. Although this calculation does not include the amount in controversy for Plaintiff's claims for unreimbursed business expenses, and inaccurate wage statements, this calculation is well above the jurisdictional threshold. Nonetheless, for the purposes of removal, Defendant will conservatively assume attorneys' fees based on a loadstar analysis at ten percent of this amount, for **$1,448,727**, for a total amount in controversy of **$15,935,999**.

64. Based upon the foregoing, Defendants reasonably conclude that for the purposes of removal, the amount in controversy for all asserted claims is approximately **$15,935,999**, summarized as follows:

| | |
|---|---|
| Meal period premiums | $3,719,146 |
| Rest period premiums | $3,719,146 |
| Unpaid minimum wages | $2,479,442 |
| Unpaid overtime wages | $1,239,721 |
| Final pay/waiting time penalties | $3,329,817 |
| Attorneys' Fees | $1,448,727 |
| **TOTAL** | $15,935,999 |

Rafizadeh Decl. ¶ 18.

65. In sum, Defendants have established by a preponderance of the evidence that the amount in controversy vastly exceeds the $5 million jurisdictional minimum for CAFA removal.

## VII. CONCLUSION

66. Although Defendants deny Plaintiff's claims as alleged in the Complaint, Defendants have established by a preponderance of the evidence that the putative class

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL
TO FEDERAL COURT

1  exceeds 100 persons, that the dispute is between citizens of different states, and that the
2  amount in controversy for this class action exceeds the $5 million minimum for federal
3  jurisdiction. For this reason and the others discussed above, removal of this action is
4  appropriate under 28 U.S.C. §1332(d).

5      67.    WHEREFORE, Defendants hereby remove this action from the Superior
6  Court of the State of California, County of Los Angeles, to the United States District
7  Court for the Central District of California, Western Division.

Dated:  February 4, 2026

LITTLER MENDELSON, P.C.

_____
Robert S. Blumberg
Alexandria Rafizadeh
Edgar Sargsyan

Attorneys for Defendants
KEMPER CORPORATION, KEMPER
INDEPENDENCE INSURANCE
COMPANY, KEMPER FINANCIAL
INDEMNITY COMPANY, UNITRIN
AUTO AND HOME INSURANCE
COMPANY, and MERASTAR
INSURANCE COMPANY

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF REMOVAL
TO FEDERAL COURT